**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0216n.06
Filed: March 23, 2009

**No. 06-6610**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JERMAINE BAKER, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    KEITH, COLE, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge**.  Defendant Jermaine Baker appeals the 300-month sentence he received following his guilty plea for conspiracy to distribute cocaine.  Finding no error, we **AFFIRM.**

**I.**

This case arose out of a joint investigation by local and federal law enforcement agents into a drug trafficking organization coordinated by Myron Baker and Rodney Bates in Chattanooga, Tennessee.  Through confidential sources and authorized wiretaps, agents learned that Myron Baker acted as the primary supplier for the organization, obtaining cocaine hydrochloride from Atlanta, Georgia.  Wiretap and pen register information indicated that defendant, Myron Baker's half brother, also spoke to Rodney Bates on multiple occasions.  In the fall of 2004, a confidential source made

a controlled purchase of 4.7 grams of crack cocaine from defendant. Additionally, defendant arranged a purchase of 11.9 grams of cocaine base for a confidential informant.

On June 13, 2006, a federal grand jury in the Eastern District of Tennessee returned a fourteen-count indictment against defendant and eleven other individuals, including Myron Baker.[1] The first count charged all twelve defendants with conspiracy to distribute five kilograms or more of cocaine hydrochloride, fifty grams or more of crack cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846. Counts eight and nine charged defendant individually with distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

On September 11, 2006, defendant appeared before the district court with counsel and entered a guilty plea pursuant to a plea agreement. Defendant pleaded guilty to conspiracy to distribute five grams or more of a mixture or substance containing cocaine base, a lesser-included offense of count one.

The district court held a sentencing hearing for defendant and three other defendants who had pleaded guilty to the charges in the indictment on December 21, 2006. With respect to defendant, the district court determined, without objection, that the total offense level was 34 and the criminal history category was VI, which yielded a Guidelines range of 262 to 327 months.[2] Defense counsel

---

[1]Defendant's appeal in this case has been consolidated with the appeals of two of his co-defendants: Roderick Bates, No. 07-5033, and Myron Baker, No. 07-5412.

[2]As the Presentence Investigation Report ("PSR") noted, defendant qualified as a career offender within the meaning of U.S.S.G. § 4B1.1(a) because he had been convicted of two prior controlled substance offenses. This yielded a base offense level of 37. After a full three-level

argued for a sentence at the bottom end of the range, emphasizing defendant's family support, his cooperation with the government, his minor role in the conspiracy, and his remorse. The district court first acknowledged that the Guidelines were not mandatory. However, citing the quantity of drugs involved, the level of the defendants' participation in the offense, their cooperation with the government, and their decisions to plead guilty, the district court stated that it had decided to remain within the Guidelines range and not to sentence the defendants at the upper end of that range. Then, referring to the need for specific deterrence, retribution, and general deterrence, the district court sentenced defendant to 300 months' imprisonment. Defendant timely appealed his sentence.[3]

## II.

On appeal, defendant argues that the 300-month sentence he received was both procedurally and substantively unreasonable. He also argues that he is entitled to a remand for resentencing on the basis of the recent amendment to the Sentencing Guidelines involving the base offense levels for crack cocaine offenses.

### A. Unreasonableness of the Sentence

Following *United States v. Booker*, 543 U.S. 220 (2005), we review a district court's sentencing decisions "under a deferential abuse-of-discretion standard," for reasonableness. *Gall*

---

reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the total offense level was 34.

[3]Although defendant filed his notice of appeal after he was sentenced, but before the district court entered judgment, we still possess appellate jurisdiction. *See* FED. R. APP. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."); *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 n.3 (6th Cir. 1997) ("As long as a subsequent final order is eventually entered, a prematurely filed notice of appeal can confer appellate jurisdiction.").

*v. United States*, 128 S. Ct. 586, 591 (2007); *United States v. Stephens*, 549 F.3d 459, 464 (6th Cir. 2008). This inquiry consists of both a procedural and a substantive component. *Gall*, 128 S. Ct. at 597.

### 1. Procedural Unreasonableness

First, we must "ensure that the district court committed no significant procedural error." *Id.* A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Id.* Here, defendant does not challenge the district court's calculation of the applicable Guidelines range of 262 to 327 months. *See* Sentencing Tr. at 19, J.A. at 134 ("THE COURT: Mr. Philylaw, did the Court state [the Guidelines range] correctly for your client? MR. PHILYLAW: Yes, Your Honor."). Instead, defendant argues that the sentence he received is procedurally unreasonable because the district court failed to consider—and failed to explain its basis for rejecting—defendant's requests for a sentence below the Guidelines range.

After calculating the applicable Guidelines range, the district court must "consider the arguments of the parties with respect to the propriety of a particular sentence over another, while being guided by the statutory factors as set forth in § 3553(a)."[4] *United States v. Moon*, 513 F.3d

---

[4]Section 3553(a) requires a district court to consider the following factors when imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

527, 538 (6th Cir. 2008) (citing *Gall*, 128 S. Ct. at 596).  The district court then "'must adequately

explain the chosen sentence to allow for meaningful appellate review and to promote the perception

of fair sentencing.'" *Id.* (quoting *Gall*, 128 S. Ct. at 597).

But we have never required a district court to engage in a "rote listing or some other

ritualistic incantation of the relevant § 3553(a) factors." *United States v. Dexta*, 470 F.3d 612, 614-

15 (6th Cir. 2006); *see also United States v. Mayberry*, 540 F.3d 506, 518 (6th Cir. 2008).  The

record need only be "'sufficiently detailed to reflect the considerations listed in § 3553(a)' and to

---

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement (A) issued by the Sentencing Commission . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

allow for meaningful appellate review." *Mayberry*, 540 F.3d at 518 (quoting *Moon*, 513 F.3d at 539); *see also United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007) ("[T]he reasons that [the district court] provide[s] for the sentence must sufficiently reflect considerations akin to those enumerated in the statute.").

Likewise, the district court is not required to "give the reasons for rejecting any and all arguments [made] by the parties for alternative sentences." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc). It is sufficient if the district court "set[s] forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007); *see also Moon*, 513 F.3d at 539 (stating that the district court must "provide some indication that the court considered the defendant's arguments in favor of a lower sentence and the basis for rejecting such arguments"); *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (noting that remand may be appropriate where "a defendant's argument and supporting evidence presents an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it"). A lengthy explanation of the sentence may be particularly unnecessary where the district court imposes a within-Guidelines sentence and where a matter is "conceptually simple" and "the record makes clear that the sentencing judge considered the evidence and arguments." *Rita*, 127 S. Ct. at 2468-69. Ideally, of course, "a district court *will* address a defendant's nonfrivolous arguments for a lesser sentence." *United States v. Duane*, 533 F.3d 441, 452 (6th Cir. 2008) (citing *Vonner*, 516 F.3d at 386).

At the sentencing hearing in this case, defendant requested a sentence below the Guidelines range based upon three grounds:  1) his extensive family support, 2) his cooperation with the government, and 3) his minor involvement in the drug conspiracy.  Defense counsel also pointed to defendant's remorse.  Defendant himself apologized to the court, stating that he had "recently accepted . . . Christ in my life."  Sentencing Tr. at 24-25, J.A. at 112-13.  Defendant argues, however, that the district court only ran through a "generic litany" in explaining the sentence, because it was sentencing four co-defendants at the same time, and that it did not address his specific arguments for leniency.

Because defendant did not object to the adequacy of the district court's explanation of the sentence when given the opportunity to do so at the sentencing hearing, we review this challenge for plain error.  *Vonner*, 516 F.3d at 386; *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004); *see also* Sentencing Tr. at 32-34, J.A. at 138-40 ("THE COURT:  Does any party have any objection to the sentence the Court just announced that they have not already raised with the Court? . . . Mr. Philylaw? MR. PHILYLAW:  No, Your Honor.").  To establish plain error, a defendant must show the following:

> (1) that an error occurred in the district court;  (2) that the error was plain, i.e.,
> obvious or clear;  (3) that the error affected defendant's substantial rights;  and (4)
> that this adverse impact seriously affected the fairness, integrity or public reputation
> of the judicial proceedings.

*United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998).  We will find plain error only in exceptional circumstances, "'where the error is so plain that the trial judge . . . [was] derelict in

countenancing it.'" *Vonner*, 516 F.3d at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Based upon the record of the sentencing hearing in this case, the district court did not err—plainly or otherwise—in announcing defendant's sentence. First, the district court explicitly stated that it had "taken into account the background and circumstances of each defendant, the drug quantities involved with each defendant, their level of participation in the charged offense, [and] the fact they cooperated with the government in providing information." Sentencing Tr. at 27-28, J.A. at 115-16. As a result of its consideration of these factors, the district court decided "to remain within the guidelines" and "not to impose a sentence at the upper end of the guideline range." Sentencing Tr. at 28, J.A. at 116. Thus, any argument that the district court did not consider defendant's cooperation with the government or his minor role in the offense is belied by the court's own statements at the sentencing hearing. Although the district court did not specifically respond to defendant's arguments about his extensive family support, his remorse, or his recent conversion to Christianity, these matters are "conceptually simple" and are encompassed within § 3553(a)(1), which requires a sentencing court to consider "the history and characteristics of the defendant." And the district court did note that it had taken into account the "history and characteristics of each of the defendants" as well as the "nature and circumstances of the offense." Sentencing Tr. at 28-29, J.A. at 116-17. The court also referred to the need for specific deterrence, stating that defendant's background "indicate[d] to the Court that the Court has to be more concerned about [his] committing future crimes." Sentencing Tr. at 28, J.A. at 116. The district court further cited retribution and general deterrence as major concerns. Although the district court's explanation of defendant's

sentence could have been more detailed, we are satisfied that it adequately considered the § 3553(a) factors as well as defendant's arguments for leniency. Accordingly, defendant's sentence is not procedurally unreasonable.

### 2. Substantive Unreasonableness

If the sentence is procedurally sound, we then must consider "the substantive reasonableness of the sentence imposed," taking into consideration the totality of the circumstances. *Gall*, 128 S. Ct. at 597. "District courts are charged with imposing 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of sentencing." *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). A sentence is substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008); *Husein*, 478 F.3d at 332. Sentences imposed within a properly-calculated Guidelines range enjoy a rebuttable presumption of substantive reasonableness on appeal. *Haj-Hamed*, 549 F.3d at 1025; *Vonner*, 516 F.3d at 389-90; *see also Rita*, 127 S. Ct. at 2462-63 (holding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines").

In one sentence of his appellate brief, defendant argues that his 300-month sentence is "plainly unreasonable" because the "culpability involved in the two small crack cocaine transactions for which he is being punished does not merit a twenty-five year sentence." Appellant's Br. at 19. Initially, we note that defendant has failed to sufficiently develop his argument regarding substantive

unreasonableness, and he has therefore waived it on appeal. *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'"). Even were we to address the merits of this argument, however, we would conclude that defendant's sentence is not substantively unreasonable. Because the sentence falls within the properly-calculated Guidelines range, it is entitled to a presumption of reasonableness. *Haj-Hamed*, 549 F.3d at 1025. Defendant has entirely failed to rebut this presumption by showing that the district court selected the sentence arbitrarily, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor.

## B. Resentencing Based Upon Amended Base Offense Levels for Crack Cocaine

Finally, in only two sentences of his brief, defendant suggests that he is entitled to resentencing in light of the recent amendment to the Sentencing Guidelines, which retroactively reduced the base offense levels for crack cocaine. Under the amended Guidelines, at least five grams but less than twenty grams of cocaine base yields a base offense level of 24 as opposed to 26. U.S.S.G. § 2D1.1(c)(8). Initially, defendant has waived any argument that he is entitled to resentencing on this basis by failing to develop it on appeal. *See Layne*, 192 F.3d at 566. Regardless, however, the amendment would have had no effect on defendant's sentence: the base offense level of 37 that applied in defendant's case was "derived exclusively from the Guidelines' unamended career-offender provision set forth in U.S.S.G. § 4B1.1(a), not the amended drug-quantity table." *Alexander*, 543 F.3d at 825.

**III.**

For the foregoing reasons, we **AFFIRM** defendant's sentence.