*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0423p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 07-1907

DAMON L. STEPHENS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 06-20365—Thomas L. Ludington, District Judge.

Argued: October 29, 2008

Decided and Filed: November 25, 2008

Before: MARTIN and GILMAN, Circuit Judges; DOWD, District Judge.[*]

_____

**COUNSEL**

_____

**ARGUED:** Stevens J. Jacobs, JACOBS LAW OFFICE, Bay City, Michigan, for Appellant. Patricia G. Gaedeke, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Stevens J. Jacobs, JACOBS LAW OFFICE, Bay City, Michigan, for Appellant. Patricia G. Gaedeke, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. Damon L. Stephens was convicted by a jury of two drug-related crimes committed two months apart. The district court sentenced Stephens as a career offender to 270 months of imprisonment. He now challenges both his convictions and his sentence. For the reasons set forth below, we **AFFIRM** Stephens's conviction, but **VACATE** his sentence and **REMAND** the case for resentencing consistent with this opinion.

_____

[*] The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1

## I.    BACKGROUND

On April 18, 2006, Stephens received a telephone call from Edward Sumbera, a drug user with whom he had previously dealt. Sumbera requested that Stephens meet with him the following day to sell him an eighth of an ounce of powder cocaine. Stephens agreed. The two met as arranged in a McDonald's parking lot in Saginaw, Michigan. With their vehicles parked beside each other, Stephens approached Sumbera's passenger-side window. According to the government, Stephens then passed a package containing 2.46 grams of powder cocaine to Sumbera, who gave him $130 in cash. Sumbera, who had arranged the sale in cooperation with the police in order to avoid prosecution for driving after his license had been suspended, proceeded to turn the drugs over to the officers who had observed the meeting between Stephens and Sumbera.

In an unrelated incident on June 8, 2006, drug enforcement officers executing a search warrant encountered Stephens standing on a wheelchair ramp leading to the door of the Saginaw house they intended to search. The officers ordered him to put his hands in the air. Rather than complying, Stephens reached into the front of his pants, removed a white packet, and dropped it onto the ground nearby. One of the officers ran over to collect the packet, which was later determined to contain 3.01 grams of crack cocaine.

As a result of these two incidents, Stephens was indicted under 21 U.S.C. § 841(a)(1) on one count of distributing less than 500 grams of powder cocaine and on one count of possessing less than 5 grams of crack cocaine with the intent to distribute the drug. The government filed a notice of its intent to introduce evidence at trial of Stephens's 2003 conviction for the distribution of less than 50 grams of powder cocaine. This evidence, according to the government, was admissible pursuant to Rule 404(b) of the Federal Rules of Evidence because it showed that Stephens had "the opportunity to commit the present offenses," "the intent to commit the present offense," "made a plan to commit the present offenses," and "had the knowledge required to commit the present offenses."

The district court agreed in part with the government's argument. At the conclusion of a hearing on Stephens's motion in limine to exclude the 2003 conviction, the district court decided to admit the evidence for two limited purposes: (1) to show "a plan of drug trafficking" regarding the powder-cocaine-distribution charge, and (2) to show an intent to distribute the crack cocaine involved in the second charge rather than to simply possess it for personal use. The court noted that the evidence of the 2003 conviction would be especially relevant to "establish commercial intent" relating to the second charge because the jury would be asked to draw inferences from circumstantial evidence on that element. When instructing the jury, however, the court abandoned its conclusions from the hearing on the defense's motion in limine. The court instead told the jurors that the 2003 conviction could be considered "as it relates to the government's claim on the defendant's intent, opportunity, and knowledge."

Sumbera, the individual who had cooperated with the police by arranging the powder-cocaine purchase in the McDonald's parking lot, testified at Stephens's trial. He described the April 2006 sale and, in addition, said that he had bought powder cocaine from Stephens on several prior occasions. The police officers who observed Sumbera's meeting with Stephens also testified, as did the officers who observed Stephens removing the packet of crack cocaine from his pants in June 2006. After being instructed by the court, the jury found Stephens guilty of the first charge—the distribution of less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Regarding the second charge—the possession of crack cocaine with intent to distribute the drug—the jury found that Stephens had possessed the crack cocaine but did not find that he had intended to sell it. Stephens was thus found guilty of the lesser offense of simple possession of crack cocaine in violation of 21 U.S.C. § 844(a).

Based on the applicable offense level and the criminal history category for the two convictions considered in isolation, the Presentence Report (PSR) filed by the Probation Office indicated that the appropriate range under the Sentencing Guidelines was 37 to 46 months of imprisonment. Stephens, however, was classified as a career offender pursuant to U.S.S.G. § 4B1.1 because his criminal history included two prior felony convictions for controlled-substance offenses—convictions in both 1993 and 2003 for the delivery of less than 50 grams of cocaine. Under the career-offender provisions, Stephens's offense level increased substantially, with the final Guidelines range in the PSR rising to 262 to 327 months' imprisonment. The district court ultimately sentenced Stephens to 270 months of imprisonment for the powder-cocaine-distribution conviction and 36 months of concurrent imprisonment for the crack-cocaine-possession conviction.

## II.   ANALYSIS

Stephens challenges the admission of his 2003 conviction for possession of cocaine with the intent to distribute the drug, as well as the admission of Sumbera's testimony about prior cocaine transactions between the two men. In addition, Stephens challenges the reasonableness of his 270-month sentence.

### A.    Rule 404(b) evidence

#### 1.    *Standard of review*

The government may not introduce evidence of prior crimes committed by a defendant in order to show an increased likelihood that the defendant committed the crime for which he is on trial. Fed. R. Evid. 404(b). Evidence of past crimes is admissible, however, for other purposes. Rule 404(b) provides a long list of permissible purposes for "other crimes" evidence, including "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*

A district court must make three findings before admitting evidence under Rule 404(b). *United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2006). It must first find that the prior bad act occurred, a finding that will not be set aside on appeal unless the finding is clearly erroneous. *Id.* The government must provide sufficient evidence of the prior bad act so that "the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). Next, the district court must determine that the evidence is probative of one of the permissible Rule 404(b) purposes. *Bell*, 516 F.3d at 440. We apply the de novo standard of review to that finding on appeal. *Id.* Finally, the district court must determine that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant. Fed. R. Evid. 403; *Bell*, 516 F.3d at 440. We apply the abuse-of-discretion standard of review to that determination. *Bell*, 516 F.3d at 440.

#### 2.    *Admission of Stephens's 2003 drug conviction*

Stephens's 2003 conviction for the distribution of powder cocaine was admitted into evidence following prior notice by the prosecution, a defense motion in limine, and a Rule 404(b) hearing prior to jury selection. The district court determined that the conviction was admissible to show "a plan of drug trafficking," and noted that the evidence would be especially probative of Stephens's alleged intent to distribute the crack cocaine that he removed from his pants in the June 2006 incident. Despite this conclusion, the district court told the jury through written and verbal instructions that they could consider the evidence of the 2003 conviction "as it relates to the government's claim on the defendant's intent, *opportunity*, and *knowledge*," but not "for any other purpose." (Emphasis added.)

Stephens now asserts that because his 2003 conviction was completely unrelated to the present case, the conviction was not admissible for any proper Rule 404(b) purpose. He is likely correct. The district court specifically identified the element of intent to distribute the crack cocaine that he possessed in June 2006 as a proper Rule 404(b) purpose. But this court has recently held that prior drug-distribution convictions may not be used to demonstrate the intent to distribute drugs in unrelated cases. *United States v. Bell*, 516 F.3d 432, 444 (6th Cir. 2008) ("The only way to reach the conclusion that the person currently has the intent to possess and distribute based solely on evidence of *unrelated* prior convictions for drug distribution is by employing the very kind of reasoning—*i.e.* once a drug dealer, always a drug dealer—which 404(b) excludes." (citing *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997) (emphasis in original))).

The government, like the district court, focuses its admissibility argument on the element of intent to distribute the crack cocaine involved in the June 2006 incident. Because the police confiscated the crack cocaine before Stephens could either sell it or use it himself, the government was able to present only circumstantial evidence regarding which course of action Stephens had intended to take. *See United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) ("[W]here there is thrust upon the government, either by virtue of the defense raised . . . or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)."). The government asserts that it may therefore use Stephens's past distribution conviction at least for that limited purpose.

But the district court's instructions to the jury did not limit consideration of the past conviction to Stephens's intent. It also told the jurors they could consider the evidence as it related to Stephens's "opportunity and knowledge," matters that were not at issue in this case. *See United States v. Merriweather*, 78 F.3d 1070, 1076-77 (6th Cir. 1996) (noting that evidence is not admissible under Rule 404(b) unless it is probative of an issue that is actually material, whether because the government is required to prove it as one of the elements of the crime charged or because the defense theory places the fact "in issue"). In addition, the district court failed to instruct the jury as to whether the 2003 conviction could be considered in regard to both charges, or only one. And even if the district court was correct in admitting the conviction to show Stephens's intent as to the June 2006 crack cocaine charge, its imprecision in identifying the proper purpose for the Rule 404(b) evidence and instructing the jury accordingly is troubling. *See id.* ("[T]he district court must clearly, simply, and correctly instruct the jury as to the *specific* purpose for which they may consider the evidence." (emphasis in original)).

We ultimately conclude, however, that even if the prior conviction was not admissible to show intent or for any other proper Rule 404(b) purpose, and despite the district court's imprecision in dealing with the prior bad-acts evidence, any error related to this evidence does not warrant the reversal of Stephens's conviction. A conviction should not be reversed where we are confident that the judgment was "not substantially swayed by the error," and "[w]hether the jury was 'substantially swayed' by the improper admission of evidence of other acts in a criminal trial generally depends on whether the properly admitted evidence of the defendant's guilt was overwhelming." *United States v. Haywood*, 280 F.3d 715, 724 (6th Cir. 2002) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

This is precisely the situation in the case before us. Sumbera testified that he bought powder cocaine from Stephens in April 2006. Three police officers observed the transaction. Although the officers did not directly see the drugs changing hands, they testified that Sumbera went into the meeting with Stephens carrying $130 in cash but no drugs, that he briefly interacted with Stephens, and that he came out of the exchange carrying 2.46 grams of powder cocaine and no money.

Regarding the charge stemming from Stephens's arrest in June 2006, three police officers gave detailed, consistent testimony that they personally saw Stephens remove the package of crack cocaine from his pants and throw it to the ground. *Cf. United States v. Bell*, 516 F.3d 432, 447-48 (6th Cir. 2008) (holding that where no direct evidence linked the defendant to the drugs involved in the case, wrongly admitted evidence of prior convictions was not harmless error). Because overwhelming direct evidence connected Stephens to the powder cocaine purchased by Sumbera and to the crack cocaine that three police officers saw Stephens remove from his pants, we conclude that any error in the admission of Stephens's 2003 conviction for powder cocaine distribution was harmless.

### 3.       *Testimony regarding past cocaine sales*

Stephens next argues that Sumbera should not have been allowed to testify about prior occasions when Stephens sold him cocaine. No proper 404(b) purpose supports the introduction of this evidence, and the government suggests none. At trial, however, no objection was made to the introduction of this testimony. We therefore review its admission under the plain-error standard. *See United States v. Cowart*, 90 F.3d 154, 157 (6th Cir. 1996) ("[W]hen, as here, the complaining party failed to object to the evidence in the district court[,] [o]ur review . . . is for plain error.")

Where "there is 'no objection by the defendant[,] and [when] the properly admitted evidence of the defendant's guilt [is] overwhelming,' a reversal on 404(b) grounds is inappropriate." *Id.* at 157-58 (quoting *Merriweather*, 78 F.3d at 1075) (alterations in original). Under the plain-error standard of review and in light of the overwhelming evidence of Stephens's guilt, we conclude that the admission of evidence of past cocaine sales did not "seriously affect the fairness, integrity, or public reputation" of his trial. *See Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks omitted) (applying Fed. R. Crim. P. 52(b)). This is especially so because, despite the evidence of the prior drug sales, the jury did not find Stephens guilty of intent to distribute with regard to his arrest in June 2006.

## B.    Stephens's 270-month sentence

### 1.       *Standard of review*

We now turn to the reasonableness of Stephens's sentence. A district court's sentencing determination is reviewed "under a deferential abuse-of-discretion standard" for reasonableness. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). The inquiry contains both procedural and substantive components. *Id.* We must first ensure that the district court committed no procedural error. *Id.*; *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007). A district court necessarily abuses its sentencing discretion if it

> commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall*, 128 S. Ct. at 597.

If, and only if, the district court's sentencing decision is procedurally sound, we will "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard[,] . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* A sentence within the applicable Guidelines range may be accorded a presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). Such a presumption applies in this circuit, but is rebuttable. *Lalonde*, 509 F.3d at 770.

The sentencing court has an "obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). It must clearly articulate its reasoning in order to allow for a meaningful appellate review. *United States v. Henry*, 545 F.3d 367, 386 (6th Cir. 2008) ("Although the imposition of an appropriate sentence is the province of the district court, appellate courts must have sufficient information about the justifications offered for the sentence imposed in order to conduct a meaningful review.").

### 2. *Procedural reasonableness of the sentence*

In sentencing Stephens, the district court relied on the PSR. That report contained an explanation of Stephens's offense level and criminal history points, and concluded that the initial Guidelines sentencing range was 37 to 46 months of imprisonment. Stephens, however, was sentenced as a career offender because (1) "[he] was at least eighteen years old at the time" of the "instant offense of conviction," (2) "the instant offense of conviction is . . . a controlled substance offense," and (3) "[he] has at least two prior felony convictions of . . . controlled substance offense[s]." *See* U.S.S.G. § 4B1.1(a). The career-offender designation in the PSR led to a final Guidelines range of 262 to 327 months' imprisonment, an increase of 17 years beyond the non-career-offender range. Stephens was sentenced near the low end of the enhanced range, to 270 months of imprisonment.

The government argues that we should apply the plain-error standard of review to the sentencing procedure employed in this case. *See United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004) (holding that where the sentencing judge asks for any new objections at the end of sentencing and the party appealing raises none, plain-error review should be applied on appeal to the sentencing procedure). It relies on the following exchange between the court, Stephens, and defense counsel during the sentencing hearing:

| | |
|---|---|
| The Court: | Mr. Stephens, any objections or questions concerning the terms of the sentence imposed by the court? |
| Stephens: | I'm going to appeal it. |
| The Court: | I'm sorry? |
| Stephens: | I mean no. |
| The Court: | Mr. Jacobs? [defense counsel] |
| Defense Counsel: | I shared with my client that at the close, the court would be informing us of certain appeal rights. He just made a reference to when we file the claim of appeal. |
| The Court: | I appreciate that. |

Whether the district court directed its "any objections" question only to Stephens himself and not to his counsel is unclear because of the ensuing confusion based on Stephens's answer. We therefore decline to apply the plain-error standard, and will review the procedural reasonableness of Stephens's sentence de novo.

In his sentencing memorandum to the court, Stephens made several arguments for a below-Guidelines sentence. He contended that because one of the convictions triggering the career-offender designation occurred more than 12 years before the present offenses, his criminal history was overstated and thus called for a downward departure pursuant to U.S.S.G. § 4A1.3(b). Stephens also argued that his lack of parental support, his drug addiction, his status as a low-level street seller, and his mental and emotional condition "justify a downward departure from the advisory guideline range." At the sentencing hearing, his defense counsel repeated these arguments, continuing to rely solely on the term "departure" in asserting that Stephens should be sentenced below the relevant Guidelines range.

On appeal, Stephens does not challenge the accuracy of the Guidelines ranges presented in the PSR. Nor does he challenge the accuracy of the career-offender designation or argue that the district court improperly treated the Guidelines as mandatory. Instead, he argues that the court did not adequately address his arguments under the sentencing factors listed in 18 U.S.C. § 3553(a). *See United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006) (noting that a "district court need not explicitly reference each of the § 3553(a) factors," but must provide "sufficient evidence in the record to affirmatively demonstrate the court's consideration of them").

As Stephens points out, the district court's explanation of its reasoning before imposing a sentence in this case was quite sparse. The court noted that Stephens "had little parental guidance" and that he has "some family responsibilities that [he] ha[s] undertaken." Referring to Stephens's extensive criminal history, the sentencing judge went on say that "struggle as I may, I can't find an additional fact based on the choices that you have made in your own life today for your conduct that would compel . . . departure from the guidelines in this circumstance." The court proceeded to summarily state that the Guidelines and the factors in 18 U.S.C. § 3553(a) had been considered. It then sentenced Stephens "on that basis" to a term of 270 months on the powder-cocaine-distribution count and to a concurrent 36 months on the crack-cocaine-possession count. No specific application of the § 3553(a) factors to Stephens's situation was articulated. As this court noted in a case where the sentencing judge employed a similarly abbreviated sentencing discussion, "[n]o one would call this explanation ideal." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008).

What we find particularly troubling throughout the district court's brief explanation is that it followed defense counsel's lead and used the term "departure" exclusively in rejecting Stephens's arguments for a sentence below the Guidelines range. The Supreme Court recently explained that the word "'[d]eparture' is a term of art" that "refers only to non-Guidelines sentences imposed in the framework set out in the Guidelines," and that "variances from Guidelines ranges that a District Court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)" include a much broader range of discretionary decisionmaking. *Irizarry v. United States*, 128 S. Ct. 2198, 2202-03 (2008).

The Supreme Court has also made clear that "[t]he appropriateness of brevity or length, conciseness or detail . . . [,] depends upon circumstances" that are "left to the judge's own professional judgement." *Rita* 127 S. Ct. at 2468. Particularly where the judge chooses a sentence within the Guidelines range and "the record makes clear that the sentencing judge considered the evidence and the arguments," the sentencing decision "will not necessarily require lengthy explanation." *Id.* at 2468-69. The sentencing judge is statutorily required, however, to explain "the reason for imposing a sentence at a particular point within the range" when "that range exceeds 24 months." 18 U.S.C.A. § 3553(c).

A review of this court's post-*Rita* sentencing caselaw indicates that the explanation given by the district court in this case falls close to the line that separates sufficient from insufficient sentencing procedure. *Compare United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008) (affirming a below-Guidelines sentence under the plain-error standard of review where the court accepted the government's motion for a downward departure, but rejected the defendant's request for further variance under 18 U.S.C. § 3553(a), after making only brief references to "adequate deterrence" and "just punishment") *with United States v. Thomas*, 498 F.3d 336, 340-41 (6th Cir. 2007) (vacating and remanding a within-Guidelines sentence because the record did not make clear that the district court had considered the defendant's arguments for a variance pursuant to the § 3553(a) factors, but instead had made only a conclusory mention of the factors and generally noted "the defendant's background and behavior").

Upon being convicted of his third felony offense for selling relatively small quantities of drugs, Stephens received a career-offender sentence in excess of 22 years. His arguments for a

reduced sentence could fit within the Guidelines-based departure framework as well as the broader universe of variances based on a careful consideration of the § 3553(a) factors. Unfortunately, both defense counsel and the district court referred only to *departures*, which leaves us in doubt as to whether the court fully considered its discretion to *vary* from the sentencing Guidelines range. Because we conclude that a more thorough response to Stephens's arguments is required, we will remand for resentencing.

### 3.     *Substantive reasonableness of the sentence*

Stephens's 270-month sentence may or may not be substantively reasonable. Because the district court might not have recognized its authority to vary outside the Guidelines range, and because it did not explain why the 270-month sentence imposed was "sufficient but not greater than necessary" to serve the purposes outlined by Congress in § 3553(a), we are unable to meaningfully review the sentence for substantive reasonableness based upon the present record.

### 4.     *"Double counting" under the career-offender provision*

We now turn to Stephens's final argument regarding the reasonableness of his sentence. In the sentencing memorandum that Stephens submitted to the district court, he noted that the government had used "a prior felony drug conviction to increase the statutory maximum sentence [under 21 U.S.C. § 841(b)(1)(C)] and then [used] the same prior conviction to trigger the career offender provisions." He makes this argument again on appeal.

The career-offender Guidelines do indeed operate exactly as Stephens has described. Without the prior-felony statutory enhancement, the offense level dictated by the career-offender provision would have been lower because the statutory maximum sentence would have been lower. *See* U.S.S.G. § 4B1.1 (b). Stephens refers to this as "double counting," arguing that the result "appears unjust" and "would also justify a downward departure." Even if he is correct in pointing out that a district judge might appropriately choose an outside-Guidelines sentence on this basis, a sentencing judge could also decide that the career-offender sentence is reasonable when the § 3553(a) factors are applied to his specific case.

Stephens argued only for a downward departure and did not directly challenge the validity, constitutional or otherwise, of the "double counting" in the career-offender provisions. Such challenges, however, have been raised without success in other courts. *See, e.g.*, *United States v. Gibson*, 135 F.3d 257, 261 (2d Cir. 1998) (holding that the career-offender provision did not inappropriately double count a prior conviction by increasing both the offense level and the criminal history category because "Congress, and the Sentencing Commission acting under Congressional authority, are generally free to assign to prior convictions in the sentencing calculus whatever consequences they consider as appropriate"); *United States v. Marcos-Quiroga*, 478 F. Supp. 2d 1114, 1124 (N.D. Iowa 2007) (holding that the use of a prior conviction as "both a basis for an enhanced statutory penalty . . . and as the basis for a career offender guidelines enhancement" violates neither the Sixth Amendment nor the defendant's right to a jury trial); *United States v. Garrett*, 712 F. Supp. 1327, 1333 (N.D. Ill. 1989) (holding, in the face of a Double Jeopardy Clause challenge to the same "double counting" problem, that the "admittedly severe" penalty is the permissible effect of "two recidivist statutes acting in concert"). We therefore note that the "double-counting" consequence has passed muster in the face of similar challenges in other courts, but we have no need to decide that issue here because it has not been properly raised.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** Stephens's conviction, but **VACATE** his sentence and **REMAND** the case for resentencing consistent with this opinion.