**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0411n.06

**No. 09-1308**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 12, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| DAMON L. STEPHENS | ) | |
| | ) | |
| Defendant-Appellant. | | |

BEFORE:  KENNEDY, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge.  Damon L. Stephens, convicted of distributing powder cocaine and possessing crack cocaine and sentenced to 270 months' imprisonment, appeals his 270-month sentence and asks this court to reconsider its prior holding that the trial court's admission of other-acts evidence constituted harmless error.  A prior panel of this court remanded the case for resentencing in Stephens' previous appeal because the district court referred to Stephens' arguments for a variance as reasons for a departure.  Stephens now argues that his sentence is unreasonable because the district court classified Stephens as a career offender and failed to consider the 18 U.S.C. § 3553(a) factors at resentencing.  Stephens is not entitled to relief because no special circumstances justify an exception to the law-of-the-case doctrine covering our prior determination that admission of other-acts evidence at Stephens' trial was harmless error, and because the district court did not abuse its discretion in resentencing Stephens.

This is Stephens' second appeal. In a prior appeal, we remanded for resentencing because counsel and the district court repeatedly referred to arguments for a departure from Stephens' guidelines range, rather than a variance, leaving doubt as to whether the district court understood its discretion to vary from the guidelines range at sentencing. *United States v. Stephens*, 549 F.3d 459, 467 (6th Cir. 2008). We described the facts as follows:

> On April 18, 2006, Stephens received a telephone call from Edward Sumbera, a drug user with whom he had previously dealt. Sumbera requested that Stephens meet with him the following day to sell him an eighth of an ounce of powder cocaine. Stephens agreed. The two met as arranged in a McDonald's parking lot in Saginaw, Michigan. With their vehicles parked beside each other, Stephens approached Sumbera's passenger-side window. According to the government, Stephens then passed a package containing 2.46 grams of powder cocaine to Sumbera, who gave him $130 in cash. Sumbera, who had arranged the sale in cooperation with the police in order to avoid prosecution for driving after his license had been suspended, proceeded to turn the drugs over to the officers who had observed the meeting between Stephens and Sumbera.
>
> In an unrelated incident on June 8, 2006, drug enforcement officers executing a search warrant encountered Stephens standing on a wheelchair ramp leading to the door of the Saginaw house they intended to search. The officers ordered him to put his hands in the air. Rather than complying, Stephens reached into the front of his pants, removed a white packet, and dropped it onto the ground nearby. One of the officers ran over to collect the packet, which was later determined to contain 3.01 grams of crack cocaine.
>
> As a result of these two incidents, Stephens was indicted under 21 U.S.C. § 841(a)(1) on one count of distributing less than 500 grams of powder cocaine and on one count of possessing less than 5 grams of crack cocaine with the intent to distribute the drug. The government filed a notice of its intent to introduce evidence at trial of Stephens's 2003 conviction for the distribution of less than 50 grams of powder cocaine. This evidence, according to the government, was admissible pursuant to Rule 404(b) of the Federal Rules of Evidence because it showed that Stephens had "the opportunity to commit the present offenses," "the intent to commit the present offense," "made a plan to commit the present offenses," and "had the knowledge required to commit the present offenses."
>
> The district court agreed in part with the government's argument. At the conclusion of a hearing on Stephens's motion in limine to exclude the 2003 conviction, the district court decided to admit the evidence for two limited purposes:

(1) to show "a plan of drug trafficking" regarding the powder-cocaine-distribution charge, and (2) to show an intent to distribute the crack cocaine involved in the second charge rather than to simply possess it for personal use. The court noted that the evidence of the 2003 conviction would be especially relevant to "establish commercial intent" relating to the second charge because the jury would be asked to draw inferences from circumstantial evidence on that element. When instructing the jury, however, the court abandoned its conclusions from the hearing on the defense's motion in limine. The court instead told the jurors that the 2003 conviction could be considered "as it relates to the government's claim on the defendant's intent, opportunity, and knowledge."

Sumbera, the individual who had cooperated with the police by arranging the powder-cocaine purchase in the McDonald's parking lot, testified at Stephens's trial. He described the April 2006 sale and, in addition, said that he had bought powder cocaine from Stephens on several prior occasions. The police officers who observed Sumbera's meeting with Stephens also testified, as did the officers who observed Stephens removing the packet of crack cocaine from his pants in June 2006. After being instructed by the court, the jury found Stephens guilty of the first charge-the distribution of less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Regarding the second charge-the possession of crack cocaine with intent to distribute the drug-the jury found that Stephens had possessed the crack cocaine but did not find that he had intended to sell it. Stephens was thus found guilty of the lesser offense of simple possession of crack cocaine in violation of 21 U.S.C. § 844(a).

Based on the applicable offense level and the criminal history category for the two convictions considered in isolation, the Presentence Report (PSR) filed by the Probation Office indicated that the appropriate range under the Sentencing Guidelines was 37 to 46 months of imprisonment. Stephens, however, was classified as a career offender pursuant to U.S.S.G. § 4B1.1 because his criminal history included two prior felony convictions for controlled-substance offenses-convictions in both 1993 and 2003 for the delivery of less than 50 grams of cocaine. Under the career-offender provisions, Stephens's offense level increased substantially, with the final Guidelines range in the PSR rising to 262 to 327 months' imprisonment. The district court ultimately sentenced Stephens to 270 months of imprisonment for the powder-cocaine-distribution conviction and 36 months of concurrent imprisonment for the crack-cocaine-possession conviction.

*Id.* at 460-62. We determined that although the circumstances of the district court's decision to allow the admission of other-act evidence against Stephens was troubling, any error was harmless

given the overwhelming evidence against Stephens. *Id.* at 463-64. Therefore, remand was limited

to resentencing.

At resentencing, the district court stated that the "gist of the Court of Appeals opinion related

to the inadequacy of attention to 3553(a) factors," and asked Stephens and counsel to repeat several

of the arguments raised in the original sentencing memorandum. After further consideration on the

record, the district court sentenced Stephens to the same 270-month sentence, which was near the

low end of Stephens' guidelines range of 262 to 327 months. The court gave the following

explanations:

> We noted at the [original sentencing] in arriving at the conclusions that we
> did that the gentleman had confronted mental health problems that would have
> affected his judgment and behavior. We had also taken into consideration the fact
> that he had been raised in a family that had its challenges and had not furnished him
> a great deal of structure for discipline.
> We also considered the fact he had undertaken most recently the obligations
> of his family and to his children.
> Notwithstanding that fact, less adequately addressed from my perspective is
> the fact there were other concerns with respect to the defendant's history and
> characteristics that also were to be considered. He had only obtained his GED during
> one of his tenures with the Department of Corrections in 1997. He left school in the
> 9th grade, and had withdrawn from other efforts at obtaining his high-school degree.
> As a practical matter, he had no vocational skills. And according to the presentence
> report, he last had employment in 2002, some five years prior to the date of
> sentencing.
> He, according to the presentence report, had a September of '01 child support
> order, and according to the report never made a payment with respect to the support.
> He had an extended breach in his obligation to pay child support but only because of
> the fact that he had been sentenced to the Department of Corrections.
> He did receive treatment while he was at White Pine in 2002, and later on
> with the out-treatment program, and ended up leaving the program as a result of the
> fact that he returned to the use of drugs.
> His criminal history we gave attention to. And I think it is appropriate to
> review, once again, when we look at the criteria for the need [of a sentencing judge]

to consider the seriousness of the offense, the necessity for adequate deterrence and protection of the public.

The gentleman, putting aside the operator's license and expired plates back in 1993, began with his criminal record history with a count in December—excuse me—July 1993 for possession of less than 50 grams of cocaine.

While on parole, the gentlemen was flopped as a result of the fact that he had submitted several urine samples that reflected his continued use of marijuana.

He was found responsible for the offense of disturbing the peace in November 1999.

In 2000 there was the offense of possession of marijuana, second offense, in the county of Saginaw.

Later in the year 2000, as Mr. Jacobs pointed out, the offense of possession of less than 25 grams of cocaine. He was also found responsible as being a second felony offense offender.

Upon sentencing, the gentleman tested positive for controlled substances, he was again ordered to spend the first 30 days [in] incarceration.

The gentleman has made reference to the domestic violence conviction in 2002. The later delivery of cocaine offenses. In the report furnished to the court, the gentlemen made reference to the parole violation that included the allegation of the fact that he had assaulted his wife for some 20 to 30 minutes.

The government has also pointed out the fact that the defendant's criminal history commences more or less at the age of 13 when he was charged with the offense of assault with the intent to murder as well as felony firearm, and the summarization of the incident includes the reference to the fact the gentleman shot the victim at close range in the chest.

Indeed, all of these factors, when considered[,] provide[] a record that I think requires attention to deterrence and adequate protection of the public.

I'd respectfully find no justification considered those 3553(a) factors for [a] variance in the case.

After the district court announced the sentence, Stephens objected, arguing that his completion of

a GED was a mitigating sentencing factor. The district court stated:

Indeed, I appreciate your point. From the court's perspective, on the other hand, the record also reflects the fact the gentleman failed to complete any of those [educational] requirements prior to the time that he was in an institution requiring such, and at a late point in his life.

It also reflects he has no vocational skills and no employment record, all of which, from the court's perspective, [militate] against the application of the variance under the circumstances.

Stephens filed this timely appeal.

The law-of-the-case doctrine precludes reconsideration of our prior holding that any error associated with the district court's decision to admit other-act evidence at trial was harmless. "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Determinations by a court of appeals are binding on the district court and the appellate court in later appeals, unless one of three exceptions applies: (1) a party raises substantially different evidence in a subsequent trial; (2) a controlling authority takes a subsequent contrary view of the law; or (3) a decision is clearly erroneous and would work a manifest injustice. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). Because Stephens has not produced any additional evidence, the law has not changed, and our previous harmless error decision was not clearly erroneous, the law-of-the-case doctrine precludes further review of Stephens' conviction.

Stephens argues that the lack of evidence supporting his conviction constitutes the extraordinary circumstances that justify further review in this case, but the facts point the other way. As we previously determined, there was overwhelming evidence to support Stephens' convictions. *Stephens*, 549 F.3d at 464. A confidential informant arranged to purchase drugs from Stephens, and three police officers witnessed most of the transaction. The officers testified that they saw the informant approach Stephens with cash but no drugs, and although they did not witness the transaction, they testified that when the informant returned after a brief interaction with Stephens the informant had 2.46 grams of powder cocaine and no cash. With respect to Stephens' conviction for possessing crack cocaine, three officers testified that they personally observed Stephens remove the

crack cocaine from his pants and throw it to the ground. Because there was overwhelming evidence supporting Stephens' convictions, our prior decision was not clearly erroneous and did not constitute manifest injustice warranting application of an exception to the law-of-the-case doctrine.

The district court did not abuse its discretion in sentencing Stephens. To survive appellate review, a sentence must be both substantively and procedurally reasonable. *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). In his second appeal, Stephens argues that his sentence of 270 months' imprisonment was not reasonable because the district court failed to consider the § 3553(a) factors and because the district court should not have applied the career offender enhancement that resulted in a much higher guidelines range. Stephens is not entitled to relief, however, because the district court properly applied the career offender enhancement in calculating Stephens' guidelines range, and the record reflects that the district court considered both the § 3553(a) factors and the court's discretion to vary from the guidelines range in determining Stephens' sentence at resentencing.

Stephens' 270-month sentence was procedurally reasonable. In his second appeal, Stephens does not challenge the accuracy of the guidelines range presented in the presentence report or the accuracy of the career offender designation. Incorporated in Stephens' second issue presented for review is his argument that the district court erred in finding appellant a career offender, but Stephens' argument on that ground was that the district court should have used its discretion to vary from the guidelines and not apply the career offender enhancement, not that Stephens did not qualify as a career offender. The record reflects, however, that the district court conducted an individualized sentencing at resentencing, weighing the relevant § 3553(a) factors and determining that, largely on

the basis of Stephens' lengthy criminal history, a within-guidelines sentence including the career offender enhancement was warranted. After addressing Stephens' mental health problems and his family background, the district court engaged in a lengthy discussion of Stephens' criminal history and stated that "all of these factors, when considered[,] provide[] a record that I think requires attention to deterrence and adequate protection of the public." The court further stated that it would "find no justification considering those 3553(a) factors for [a] variance in the case." Therefore, the record makes clear that the sentencing judge "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority" in sentencing Stephens. *Rita v. United States*, 551 U.S. 338, 356 (2007).

Stephens' sentence is also substantively reasonable. The Government argues that Stephens has waived any claim to the substantive reasonableness of the sentence by developing only arguments addressing the procedural reasonableness of the sentence. The thrust of Stephens' arguments, however, is that the judge failed to consider relevant § 3553(a) factors at sentencing. This could lead to an unreasonable sentence, but Stephens has not met his burden of establishing that the district court abused its discretion in selecting a 270-month sentence. A sentence is substantively reasonable if the length of the sentence is reasonable in light of the § 3553(a) factors. *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). As discussed in relation to the procedural reasonableness of Stephens' sentence, the record reflects that the court considered the relevant § 3553(a) factors at the resentencing hearing. Moreover, the district court noted its understanding that the very purpose of the resentencing hearing was to ensure the district court noted its consideration of the § 3553(a) factors and understood its discretion to grant a downward variance. After such consideration, the

district court chose to sentence Stephens to 270 months' imprisonment, near the low end of the guidelines range. Within-guidelines sentences are entitled to a presumption of reasonableness, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and Stephens' arguments for a downward variance are insufficient to rebut that presumption. The majority of those arguments focus on the impact of Stephens' criminal history on his sentence through the career offender enhancement, yet the district court discussed Stephens' criminal history at length and determined that any mitigating evidence did not outweigh the concerns raised by Stephens' lengthy criminal history. Even Stephens' own arguments that his previous crimes were not violent in nature acknowledged a conviction for domestic violence, and the court noted that Stephens' lengthy criminal history began at age 13 when he was adjudicated guilty of assault with intent to murder after shooting the victim several times at close range. The district court did not give an unreasonably large amount of weight to Stephens' criminal history in selecting a sentence within the guidelines under the career offender enhancement. Therefore, Stephens' sentence was substantively reasonable.

For these reasons, the judgment of the district court is affirmed.