**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-5103**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

CHARLES A. HARDEE,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:08-cr-01172-TLW-1)

———————————

Submitted:  August 31, 2010        Decided:  September 16, 2010

———————————

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

———————————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————————

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, William E. Day, II, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles A. Hardee appeals the 108-month sentence he received after pleading guilty to possession of child pornography in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West 2000 & Supp. 2010). In the district court, Hardee moved for a sentence below the Guideline range, and the Government moved for an upward departure. Both parties presented witnesses in support of their motions. The district court denied both motions, then heard further argument for sentencing within the applicable Guideline range. While Hardee argued for a sentence at the low end of this range, the district court sentenced Hardee at the top of that range, to 108 months' imprisonment.

On appeal, Hardee argues that his sentence is procedurally unreasonable because the district court failed to provide an adequate explanation of the chosen sentence or to individually tailor his sentence by applying the relevant 18 U.S.C. § 3553(a) (2006) factors. He also asserts that his sentence is substantively unreasonable. Although we affirm Hardee's conviction, which he does not challenge on appeal, we vacate his sentence and remand to the district court for resentencing.

This court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review

2

requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to consider the § 3553(a) factors" or "failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The district court must make an individualized assessment based on the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Id. at 50-51.

While the district court need not "robotically tick through § 3553(a)'s every subsection," particularly when imposing a within-Guidelines sentence, United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), the district judge "'should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). In cases where, as here, the district court imposes a within-Guideline sentence, the district court may "provide a less extensive, while still individualized, explanation." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). However, that explanation must be sufficient to allow for "meaningful appellate review" such that the appellate court need "not guess at the district court's

3

rationale." Carter, 564 F.3d at 329-30 (internal quotation marks omitted).

It is undisputed that Hardee preserved his claim of procedural error by moving for a sentence below the Guideline range, and, when this motion was denied, by arguing for a sentence at the low end of the Guideline range. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Thus, we review the district court's consideration of Hardee's arguments and the sufficiency of its explanation of the chosen sentence for abuse of discretion.

We conclude that the district court abused its discretion in sentencing Hardee. While the district court heard extensive testimony from the parties at the sentencing hearing, and gave the parties multiple opportunities to argue for specific sentences, the court neither specifically addressed these arguments nor explained its reasons for the chosen sentence. We will reverse this type of preserved error unless we find that the error was harmless. Id. at 581. "To avoid reversal for non-constitutional, non-structural errors like [the one presented here], the party defending the ruling below . . . bears the burden of demonstrating that the error was harmless, i.e. that it did not have a substantial and injurious effect on the result." Id. at 585 (internal quotation marks and citation omitted). The Government argues in its brief that the district

4

court did not procedurally err in imposing sentence, but does not argue in the alternative that any alleged error was harmless. Having found procedural error, we do not find it harmless. We cannot conclude that the district court's "explicit consideration of [Hardee's] arguments would not have affected the sentence imposed." Id.

Accordingly, although we affirm Hardee's conviction, which is unchallenged, we vacate his sentence and remand for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] Because we find Hardee's sentence procedurally infirm, we do not address its substantive reasonableness. See Carter, 564 F.3d at 330 n.4 ("Having found the sentence procedurally unreasonable, . . . we cannot review the sentence for substantive reasonableness."); United States v. Stephens, 549 F.3d 459, 465 (4th Cir. 2008) ("If, and only if, the district court's sentencing decision is procedurally sound, we will then consider [its substantive reasonableness].). Accordingly, our decision to vacate Hardee's sentence should not be construed on remand as evidencing any view as to the length of the sentence that is substantively appropriate.