NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0082n.06

No. 09-5261

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 07, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff-Appellee,     )
                                )
v.                              )   ON APPEAL FROM THE UNITED
                                )   STATES DISTRICT COURT FOR THE
                                )   WESTERN DISTRICT OF TENNESSEE
SAMMIE LEE MACLIN,              )
                                )
        Defendant-Appellant.    )


Before:  MARTIN, NORRIS, and COOK, Circuit Judges.


COOK, Circuit Judge.  Sammie Maclin appeals his conviction for drug charges, challenging the sufficiency of the state's evidence and the substantive reasonableness of his ninety-six-month sentence.  We affirm the district court judgment as to both issues.


I.


In late 2007, a federal grand jury indicted Maclin on two charges:  possessing a firearm following a felony conviction and possessing a controlled substance with the intent to distribute.  At Maclin's trial, the parties disputed only whether Maclin possessed the firearm and the drugs.


To prove possession, the prosecution relied almost exclusively on two eyewitnesses: Maclin's girlfriend, Cerisa Hartley, and her daughter, Jeanne Pilkington.  Both stated that on the day

of Maclin's offense, he was driving them to the grocery store in his car. While en route, he made several phone calls, during which he discussed drugs and money, then inexplicably drove through a residential area, where a man flagged him toward a house. Maclin parked the car in the driveway, produced a small bag of crack cocaine from his person, deposited the bag in the car's console, and entered the house, leaving the women in the car. Pilkington claimed that Maclin also placed a gun (which, as all parties stipulated, belonged to Hartley) in the car's door panel.

Soon after Maclin entered the house, the police, who noticed Maclin's darkly tinted windows, pulled in behind his car. Hartley seized the drugs and tried to hide them in her pants, but the police stopped her. Hartley admitted that the drugs belonged to Maclin and surrendered them. The police also searched Maclin's car and found the pistol. Hartley told the police that she did not know how it got there, but that Maclin could have taken it from her residence without her knowledge. The police arrested Maclin and Hartley that day, but eventually released them both on bond. United States Marshals finally apprehended Maclin from Hartley's attic, where he hid from authorities following his indictment.

A jury acquitted Maclin of the firearm offense, but convicted him of the drug offense. At Maclin's sentencing, the court considered both the Presentence Investigation Report and Maclin's position paper to arrive at a guidelines range of seventy-seven to ninety-six months. It then sentenced Maclin to ninety-six months, voicing concerns about his long criminal history, sense of impunity, and high likelihood of recidivism.

II.

Maclin challenges the district court decision on two grounds. First, he claims that the government presented insufficient evidence to sustain a guilty verdict on the drug possession charge. Second, he alleges that his sentence is unreasonable.

A.

This court reviews sufficiency of the evidence claims to determine whether "any rational trier of fact could find the elements of the crime beyond a reasonable doubt," and, in doing so, reviews "the evidence in the light most favorable to the prosecution, . . . giving the government the benefit of all inferences that could reasonably be drawn from the testimony." *United States v. M/G Transp. Servs., Inc.*, 173 F.3d 584, 589 (6th Cir. 1999) (emphasis omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "A defendant claiming insufficiency of the evidence bears a very heavy burden." *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986) (internal quotation marks and citation omitted). An appellate court will reverse the judgment only if, after viewing the record as a whole, it determines that "the judgment is not supported by substantial and competent evidence." *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991).

As grounds for his argument, Maclin asserts that the government presented "identical" evidence with respect to the drug and firearm charges (namely, the testimony of Hartley and Pilkington), and that the jury inexplicably convicted on the former but acquitted on the latter. He

concludes that the jury's conviction is therefore logically inconsistent and, consequently, constitutionally insufficient. Even if we accept Maclin's argument, inconsistent verdicts are generally *not* reviewable. *United States v. Lawrence*, 555 F.3d 254, 262 (6th Cir. 2009). In such cases, this court defers to the jury, which "is as likely to have erred in acquitting [the defendant] of the one [charge] as in convicting him of the other." *Id*. at 261–62 (internal quotation marks and citation omitted).

For this court to reverse Maclin's drug conviction, Maclin, rather than point to inconsistencies in the verdict, must demonstrate that "no rational trier of fact could have found the element of possession beyond a reasonable doubt." *United States v. Hunter*, 558 F.3d 495, 503 (6th Cir. 2009). In this case, however, the evidence against Maclin is particularly inculpating. Two witnesses testified that he discussed drug deals on his cell phone prior to being "flagged down" by what appeared to be a drug buyer. Two individuals testified that Maclin produced a bag of crack cocaine from his person and placed it in his car. According to Hartley, Maclin admitted that the drugs were his. Moreover, as evidence of his guilty conscience, Maclin actively eluded officers, knowing that they had an outstanding warrant for his arrest. Considering this evidence in the light most favorable to the government, and drawing all inferences in the government's favor, we determine that a rational trier of fact *could* find proof beyond a reasonable doubt to support the jury's guilty verdict.

B.

As alternate grounds for reversal, Maclin contends that his sentence is substantively unreasonable. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). This court reviews such claims "under a deferential abuse-of-discretion standard." *United States v. Stephens*, 549 F.3d 459, 464 (6th Cir. 2008) (internal quotation marks and citation omitted).

The only objection Maclin raises to his sentence is that the court "[sentenced] Mr. Maclin to the high-end [sic] of the range while those that the district court felt were equally guilty received no punishment." In support of this argument, Maclin cites a statement from the sentencing colloquy, where the court expressed doubt about Hartley's and Pilkington's involvement and stated that it "d[id]n't think that there [we]re any innocence [sic] in this case." We do not examine the factual accuracy of Maclin's allegations. Instead, we note that Maclin fails to attack his sentence on any of the grounds that this court recognizes. Indeed, nothing in the sentencing record suggests the court's arbitrariness or use of impermissible factors. In announcing Maclin's sentence, the court addressed both parties' recommendations and explicitly weighed several § 3553(a) elements. The fact that it did not punish Hartley or Pilkington—neither of whom faced federal charges—has no bearing on the reasonableness of Maclin's sentence.

III.

For these reasons, we affirm the district court's judgment as to both Maclin's conviction and his sentence.