CLAY, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that Defendant’s challenges to his conviction are not well taken, but write separately to express my disagreement with the majority’s holding regarding procedural and substantive reasonableness. Because the district court sentenced Defendant to 155 months in prison without sufficiently reviewing the 18 U.S.C. § 3553(a) factors or providing an explanation for the sentence imposed, Defendant’s sentence is manifestly unreasonable, even on plain error review. Therefore, I respectfully dissent.
As Sixth Circuit and Supreme Court precedent instruct, sentencing judges are required to “‘make an individualized assessment based on the facts presented,’ and must discuss all relevant statutory factors [under 18 U.S.C. § 3553(a) ] to facilitate ‘reasonable appellate review.’ ” United States v. Simmons, 587 F.3d 348, 358 (6th Cir.2009) (citing Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Judges must also “ ‘state in open court the reasons for its imposition of the particular sentence,’ including ‘the reason for imposing a sentence at a particular point within the range.’ ” United States v. Eversole, 487 F.3d 1024, 1034 (6th Cir.2007) (citing 18 U.S.C. § 3553(c)(1)). Although a statement of reasons need not be lengthy, “the sentencing judge should set forth enough to satis *975 fy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); see also United States v. Blackwell, 459 F.3d 739, 774 (6th Cir.2006) (“[T]he black letter law of this Circuit requires district courts to consider all factors brought to their attention by a defendant.”).
Although the district court stated that it embraced the findings of the pre-sentence report, it provided little in the way of an explanation for its chosen sentence, in seeming disregard of our caselaw. The district court also failed to meaningfully discuss Defendant’s specific background and personal characteristics as required under 18 U.S.C. § 3553(a); ignored specific § 3553(a) sentencing factors raised by Defendant; and failed to address several of Defendant’s arguments in support of a lower sentence. Contrary to the majority’s suggestion, neither United States v. Vonner, 516 F.3d 382, 387-88 (6th Cir.2008) (en banc), nor any other caselaw support upholding a sentence under these circumstances.
Despite the majority’s statements to the contrary, it is also clear that the district court’s sentencing of Defendant meets the standard for plain error. The fact that Defendant’s sentence falls within the sentencing guidelines does not serve to insulate it from appellate review. Rather, by providing only a threadbare statement of reasons, the sentencing court prejudiced Defendant by denying him his right to an “individualized assessment” for purposes of imposing appropriate punishment, United States v. Herrera-Zuniga, 571 F.3d 568, 582 (6th Cir.2009) (citing Gall, 552 U.S. at 50, 128 S.Ct. 586), as well as his right to “meaningful appellate review.” United States v. Wallace, 597 F.3d 794, 806-07 (6th Cir.2010) (citing United States v. Blackie, 548 F.3d 395, 402 (6th Cir.2008)). Rights such as these are “equally substantial for someone who is sentenced to either a guidelines sentence or an above-guidelines sentence.” Wallace, 597 F.3d at 806-07. Further, for purposes of plain error review, when such rights are impaired, it compromises the fairness, integrity, and public reputation of judicial proceedings. Id. at 807-08.
In the instant case, Defendant’s sentence is procedurally unreasonable and his substantial rights were impaired, because he was not provided an explanation of the specific basis for his sentence, with reference to his personal background, characteristics, and the nature of his offense. Because this Court can only speculate about the basis for Defendant’s sentence on appeal, remand is required. See, e.g., United States v. Moon, 513 F.3d 527, 539 (6th Cir.2008) (remand required when district judge “simply selects what the judge deems an appropriate sentence”); United States v. Thomas, 498 F.3d 336, 340-41 (6th Cir.2007) (remand required where district court did not address defendant’s circumstances or arguments in support of leniency); United States v. Stephens, 549 F.3d 459, 465-67 (6th Cir.2008) (remand required where court’s brevity compromised meaningful appellate review).
On these same facts, the district court also abused its discretion by imposing a sentence that was substantively unreasonable.[1] While it is true that a presumption *976 of reasonableness is extended to within-guidelines sentences, Vonner, 516 F.3d at 389-90, where, as here, the sentence appears to have been arbitrarily selected without consideration of pertinent § 3553(a) factors, it is substantively unreasonable. See United States v. Christman, 607 F.3d 1110, 1121-22 (6th Cir.2010).
Accordingly, I would vacate Defendant’s sentence and remand for re-sentencing on procedural and substantive reasonableness grounds.

. Although we review Defendant's procedural objections for plain error due to his failure to object before the district court, see Wallace, 597 F.3d at 802, issues of substantive reasonableness are reviewed under the abuse of discretion standard, regardless of whether a defendant raises an objection. See, e.g., United States v. Graham, 622 F.3d 445, 464 (6th Cir.2010).