**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0289n.06

No. 09-1564

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 04, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| RENO WORTHINGTON, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE:  NORRIS, COLE, and KETHLEDGE, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.**  Defendant Reno Worthington pleaded guilty to distribution of crack cocaine in violation of 21 U.S.C.§ 841(a)(1).  The district court, after noting the United States Sentencing Guidelines ("U.S.S.G.") recommended range and briefly discussing some 18 U.S.C. § 3553(a) factors, sentenced defendant to 275 months in prison.  Defendant appeals the district court's sentence as procedurally unreasonable because the district court did not describe in enough detail its reasoning for the sentence.  Defendant also raised an ineffectiveness of counsel claim, but withdrew it at oral argument.

I.

On July 30, 2008, defendant was indicted on five counts for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841.  He agreed to plead guilty to one count of distribution and admitted dealing 43.07

grams of cocaine base. The plea agreement predicted that the U.S.S.G. sentencing range would be

262 to 327 months of incarceration. The Presentence Report ("PSR") calculated the defendant's

offense level at 34, which included an automatic enhancement for being a Career Offender under

U.S.S.G. § 4B1.1(a).[1] With a criminal history of assault, multiple instances of drug and gun

possession, and other offenses, defendant received 15 criminal history points, resulting in a Criminal

History Category of VI. The PSR determined that the sentencing range was the same as specified

in the plea agreement.[2] Defendant did not object to the PSR.

At sentencing, defendant's attorney asked the court to impose a sentence at the low end of

the guideline range. The court sentenced defendant to 275 months of incarceration for these reasons:

> As counsel has reflected, much of the sentencing consideration in this circumstance derives out of the record that brings Mr. Worthington to court.

> He's a relatively young man, only 43 years of age, but at this juncture before the court for his eighth felony conviction with a history of five misdemeanor convictions.

> He has a history of not only drugs but also firearms. He's received multiple opportunities for changes in his behavior while he's been on probation, along with parole, supervised release for a number of different offenses. None of those as a practical matter have been successful.

> It is not, in the court's judgment, a case where he should be at the very low end of the guidelines.

> In considering the [18 U.S.C. § 3553(a)] factors, the court is satisfied that the deterrence as well as the protection of the public requires a sentence that is at least

---

[1] He was deemed a Career Offender due to two prior convictions for drug possession.

[2] The plea agreement contains slightly different calculations than the PSR because it incorrectly used the 2007 edition of the guidelines, not the 2008 edition. However, this difference did not affect the overall guideline range.

No. 09-1564
*United States v. Worthington*

in the mid-range under the circumstances, and considering just the [§ 3553(a)] factors alone.

Pursuant to the Sentencing Reform Act of 1984, and the factors contained in Title 18 [U.S.C.] Section 3553 A, we would commit the defendant to the custody of the United States Bureau of Prisons for a term of 275 months.

Sentencing Transcript at 10-11.

## II.

*Standard of Review*

We review a defendant's sentence for reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Herrera-Zuniga*, 571 F.3d 568, 581 (6th Cir. 2009). Because the sentence falls within the guideline range, it is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347-48 (2007). The defendant bears the burden of rebutting this presumption. *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc).

Defendant did not raise any objections to the sentence in the district court, and concedes that the "plain error" standard applies. Fed. R. Crim. P. 52(b); *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). "To establish plain error, a defendant must show the following: (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Baker*, 559 F.3d 443, 454 (6th Cir. 2009) (quoting *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998)).

*Procedural Error*

Defendant contends that his sentence was procedurally unreasonable because the district court's sentencing statement was too brief. Defendant argues that this violates 18 U.S.C. § 3553(c), which requires the court to state the reason for its imposition of a particular sentence. We require a district court to set forth enough reasoning to satisfy us that it has considered the parties' arguments and has a reasoned basis for exercising its decision-making authority. *See Rita*, 551 U.S. at 356. But there is no requirement that the district court provide a lengthy explanation. *Id.* "'While the district court did not explicitly name each of the 3553(a) factors that it was using to arrive at [the defendant]'s sentence, a reasonable sentence based on consideration of the factors does not require a rote listing.'" *United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007) (quoting *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006)) (brackets in original); *see also United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (no requirement that the district court engage in a ritualistic incantation of the § 3553(a) factors). A brief statement is adequate: "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Rita* 551 U.S. at 356.

When the defendant entered into the plea agreement, he was informed that his likely sentence would be between 262 and 327 months. The PSR calculated the same range. At sentencing defendant only made one request: that the district court choose a sentence from the low end of the guidelines. The district court addressed this request. Focusing on two § 3553(a) factors, deterrence and protection of the public, and defendant's history with drugs and firearms, the court concluded that defendant should not receive a sentence at the very low end of the guidelines. The court instead chose a sentence that was firmly within in the guidelines range at 275 months. "[W]hen a judge

decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356. "Where a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Id*. at 359.

Defendant attempts to distinguish *Rita* by noting that the district court in that case provided more explanation because it discussed defendant's military record. But that is because the defendant brought up his military record at sentencing. *Rita*, 551 U.S. at 358. Here, defendant raised no other arguments for leniency. "The district judge is only under a more rigorous duty to make explicit its consideration of factors when a defendant makes a particular argument." *Simmons*, 501 F.3d at 625; *see also Rita*, 551 U.S. at 357 ("Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments."). Defendant also suggests many other factors that he claims the district court should have addressed in its sentencing statement. But again, defendant never raised these arguments with the district court. The court is under no obligation to explicitly consider a factor unless it is particularly relevant. *See Simmons*, 501 F.3d at 626.

Defendant cites two cases where we remanded when the district court provided a brief sentencing statement. But both cases were remanded because the district court did not consider arguments that the defendant raised at sentencing. *See United States v. Johnson*, 356 F.App'x 785, 794-95 (6th Cir. 2009) (defendant submitted a nine-page sentencing memorandum arguing for a below guidelines sentence that the district court did not address); *United States v. Stephens*, 549 F.3d

459, 466 (6th Cir. 2008) (defendant submitted a sentencing memorandum arguing for a below guidelines sentence).

While it is preferable that the district court provide a longer sentencing statement, the court was not in error, much less plain error.

## III.

The judgment of the district court is **affirmed**.